IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION


KENZIA INGRAM                                                    PLAINTIFF


V.                                              NO. 5:18-CV-40-DCB-MTP


CHATAWA MANAGEMENT COMPANY, INC.                                DEFENDANT


<u>ORDER AND OPINION</u>

Before the Court is a Motion to Set Aside Clerk's Entry of Default **[Doc. 10]** filed by Defendant Chatawa Management Company, Inc. ("Chatawa"). For the reasons that follow, the Motion will be GRANTED.

**Background**

This employment dispute arises from gender discrimination and sexual harassment Kenzia Ingram contends she endured as a welder for Chatawa in Theodore, Alabama, and retaliation she says she experienced after she reported the discrimination and harassment to members of management.

Ingram filed her Complaint [Doc. 1] against Chatawa on April 27, 2018. Ingram filed an Affidavit of Service for Complaint [Doc. 4] on July 11, 2018, stating the complaint was served on David

Miller on June 12, 2018. The clerk entered Default [Doc. 6] on July 30, 2018. Chatawa filed its Answer [Doc. 7] on August 3, 2018—four days after the Entry of Default. Chatawa filed a Motion to Set Aside Default [Doc. 10] on August 8, 2018—nine days after the Entry of Default. Ingram did not file any opposition to the motion.

Ingram alleges that she was hired by a staffing agency, UST Staffing ("UST"), to perform work for UST's client, Chatawa. Doc. 1, p.3. Ingram contends that Chatawa is an "employer" as defined by 42 U.S.C. § 2000e(b). Id. Chatawa argues that it was not Ingram's employer. Doc. 10, p.4. Rather, Chatawa claims "all actions complained of were done by UST employees for whom it had no vicarious liability." Doc. 10, p.4. This Court makes no determination as to the relationship between Ingram and Chatawa but decides to set aside the default entry for other reasons, described below.

## Law

Entries of default generally are disfavored in the law. Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000). FED. R. CIV. PRO. 55(c) states, "The court may set aside an entry of default for good cause . . . ." In determining whether good cause to set aside a default exists, the following three factors are considered: whether (1) the default was willful; (2) setting it aside would prejudice the plaintiff; and (3) the defendant presents a

meritorious defense. Id. Other factors, like whether the defendant acted expeditiously to correct the default, can be considered. Id.

## Analysis

Chatawa contends that its default was not willful. Chatawa alleges it "did not ignore the Complaint but did immediately: (1) contact UST the employer of the plaintiff as well as all of the parties identified in the Complaint; and (2) forwarded the Complaint to its insurer." Doc. 10, p.3.

Chatawa argues that setting aside the default will not prejudice the plaintiff. To prove prejudice, the plaintiff must show that setting aside the default entry "will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000) (quoting Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990)). Mere delay is not prejudice. Id. Ingram has not filed a response to Chatawa's Motion, alleging prejudice of any kind. No prejudice appears in the record.

Even in the absence of willful default by Chatawa or unfair prejudice to Ingram, this Court has the discretion not to upset the default entry if Chatawa fails to present a meritorious defense. Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000). Ingram claims that Chatawa discriminated against her because of

her gender, according to Title VII. Under Title VII, an employee may establish gender discrimination by a proving

> (1) that [s]he is a member of a protected class, (2) that [s]he was at all times qualified for the position at issues, (3) that [s]he was nonetheless refused employment or an employment benefit, and (4) that the employment or employment benefit went to an individual who differs from the plaintiff with regard to that class.

Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000). Chatawa has the opportunity to "rebut the inference of discrimination by producing a legitimate, non-discriminatory business justification for the action." Id. Chatawa asserts that it was not Ingram's employer and that UST is the responsible party. Doc. 10, p.4. It argues that even if it was Ingram's employer, UST advised Chatawa that Ingram did not earn overtime because she did not work 40 hours a week because she continuously was late for work and the basis for firing Ingram was "the poor job performance of all the UST employees at the Theodore, Alabama location where all of the UST employee[s], including the plaintiff, were fired at the same time." Doc. 10, p.5. Poor job performance is a legitimate, non-discriminatory justification for terminating an employee. Therefore, Chatawa has presented a meritorious defense to gender discrimination.

Chatawa contends that its speediness in requesting the entry of default be set aside is evidence of a lack of willfulness to

default. Doc. 10, p.3. Chatawa filed an Answer four days after the Entry of Default and filed a Motion to Set Aside [Doc. 10] nine days after the Entry of Default. Chatawa's expeditious action to correct the default leans in favor of finding good cause to set aside the default entry.

Accordingly,

IT IS HEREBY ORDERED that Chatawa's Motion to Set Aside Clerk's Entry of Default **[Doc. 10]** is GRANTED, and the Clerk's Entry of Default **[Doc. 6]** is SET ASIDE.

SO ORDERED, this the 20th day of September, 2018.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE